IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

JENNA RICHERT                                    :    Case No. _____
1176 Apple Valley Drive
Howard, Ohio 43028                               :    Judge _____

On behalf of herself and all others similarly    :
situated,                                             **COMPLAINT**
                                                 :
            Plaintiff,                                (JURY DEMAND ENDORSED
                                                 :    HEREON)
        v.
                                                 :    COLLECTIVE ACTION PURSUANT
LABELLE HOMEHEALTH CARE                               TO 29 U.S.C. § 216(b) AND CLASS
SERVICES LLC                                     :    ACTION PURSUANT TO
c/o Sally Njume-Tatsing, Statutory Agent              FED.R.CIV.P. 23
3098 Arborsye Court                              :
Reynoldsburg, OH 43068
                                                 :
and
                                                 :
SALLY NJUME-TATSING
3098 Arborsye Court                              :
Reynoldsburg, OH 43068,
                                                 :
            Defendants.


Now comes Plaintiff, Jenna Richert, by and through counsel, and for her Complaint against

LaBelle Homehealth Care Services LLC ("LaBelle") and Sally Njume-Tatsing ("Ms. Njume-

Tatsing") (collectively, "Defendants"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendants'

practices and policies of not paying their non-exempt home health aides, including but not limited

to Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay

for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.C.S. § 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2.      On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule ("Final Rule") to extend minimum wage and overtime protections to almost 2 million home care workers. The Final Rule had an effective date of January 1, 2015.

3.      Under the Final Rule, companies that provide home health care services to customers are required to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek. Despite these requirements, upon information and belief, Defendants have failed to pay their home health aides, including but not limited to Plaintiff, any overtime compensation since January 1, 2015.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

### PARTIES

7.      At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Knox County, Ohio.

8.     At all times relevant herein, Plaintiff was and is an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

9.     Defendant LaBelle is an Ohio limited liability company with its principal place of business located in Franklin County, Ohio.

10.     At all times relevant herein, LaBelle was and is an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

11.     Ms. Njume-Tatsing is an individual domiciled in Reynoldsburg, Ohio. Upon information and belief, at all times relevant herein, Ms. Njume-Tatsing was and is an owner and manager of LaBelle and, as such, is an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

12.     Upon information and belief, Ms. Njume-Tatsing at all times relevant, exercised and continues to exercise substantial operational control over Labelle, and, as an "employer" under the FLSA, is jointly and severally liable for the FLSA violations.

13.     At all times relevant herein, LaBelle was and is an enterprise within the meaning of 29 U.S.C. § 203(r).

14.     At all times relevant herein, LaBelle was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     At all times relevant herein, Plaintiff was and is an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

16.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17.     LaBelle is a home health care business.

3

18.     Plaintiff has been employed by Defendants from August 12, 2014 to the present.

19.     At all times relevant herein, Plaintiff has been employed by Defendants as a home health aide.

20.     Other similarly-situated employees were and are employed by Defendants as home health aides.

21.     Plaintiff and other similarly-situated home health aides were and are employed by Defendants as non-exempt employees under the FLSA.

22.     Plaintiff and other similarly-situated home health aides were and are paid an hourly wage.

23.     Plaintiff and other similarly-situated home health aides worked and continue to work more than 40 hours per week, but Defendants failed and continue to fail to pay them overtime compensation for the hours they work over 40 each workweek.

24.     Rather than paying overtime compensation, Plaintiff and other similarly-situated home health aides are only paid straight time for the hours they work over 40 each workweek.

25.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiff brings this action for violations of 29 U.S.C. §§ 201-219 and R.C. § 4111.03 on her own behalf and on behalf of all other persons similarly situated pursuant to 29 U.S.C. § 216(b) who have been, are being, or will be adversely affected by Defendants' unlawful conduct. Plaintiff's consent form is being filed simultaneously herewith.

4

27.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former home health aides employed by LaBelle Homehealth Care Services LLC at any time between January 1, 2015 and the present.

28.     The amount of overtime hours Plaintiff and other similarly situated home health aides worked are reflected on their time sheets and pay stubs.

29.     Plaintiff estimates that, on average, she works between one (1) and ten (10) overtime hours per week.

30.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of approximately 50 persons.

31.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and OMFWSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

32.     These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and OMFWSA.

5

## CLASS ACTION ALLEGATIONS

33.     Alternatively, Plaintiff brings Count Two of this action for violations of R.C. § 4111.03 pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former home health aides employed by LaBelle Homehealth Care Services LLC at any time between January 1, 2015 and the present.

34.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of approximately 50 persons.

35.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendants failed to pay overtime compensation to its home health aides for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff Jenna Richert and other members of the class for Defendants' violation of R.C. § 4111.03 and § 4111.10.

36.     The claims of the named Plaintiff Jenna Richert are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of the other Ohio Class members.

37.     Named Plaintiff Jenna Richert will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.

6

38.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41.     Defendants' practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violates the FLSA, 29 U.S.C. § 207.

42.     By engaging in the above-described practices and policies, Defendants are willfully, knowingly and/or recklessly violating the provisions of the FLSA.

43.     As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged and will continue to be damaged in that they have not received wages due to them pursuant to the FLSA.

7

44. Upon information and belief, Ms. Njume-Tatsing at all times relevant, exercised and continues to exercise substantial operational control over Labelle. Ms. Njume-Tatsing and LaBelle are both "employers" as defined in the FLSA and therefore are jointly and severally liable for the FLSA violations.

**COUNT TWO**
**(Violations of Ohio Revised Code § 4111.03)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendants' practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violates the OMFWSA, R.C. § 4111.03.

47. By failing to pay Plaintiff and other similarly-situated employees overtime compensation, Defendants are willfully, knowingly and/or recklessly violating the provisions of the OMFWSA, R.C. § 4111.03.

48. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively respectfully pray that this Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

CRITCHFIELD, CRITCHFIELD &
JOHNSTON, LTD.

By: _____ /s/ Tricia L. Pycraft _____
Tricia L. Pycraft (S. Ct. #0075137)
Kimberly L. Hall (S. Ct. #0090677)
225 North Market Street, P.O. Box 599,
Wooster, OH 44691
Tel: (330) 264-4444; Fax: (330) 263-9278
E-Mail: tpycraft@ccj.com; khall@ccj.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in this action.

_____ /s/ Tricia L. Pycraft _____
Tricia L. Pycraft

9