# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JENNA RICHERT, | : | Case No. 2:16-cv-437 |
| | : | |
| Plaintiff, | : | Judge Graham |
| | : | |
| v. | : | |
| | : | |
| LABELLE HOMEHEALTH CARE SERVICES LLC, et al., | : | |
| | : | |
| Defendants. | | |

## MOTION OF DEFENDANTS FOR PARTIAL JUDGMENT ON THE PLEADINGS

Now come Defendants, LaBelle HomeHealth Care Services, LLC, and Sally Njume-Tatsing, and respectfully move this Court for partial judgment on the pleadings in their favor. Defendants' Motion is made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A Memorandum in Support of this Motion is attached hereto.

Respectfully submitted,

/s/  Jan E. Hensel
Jan E. Hensel (0040785)
Janay Stevens (0090515)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, OH  43215-5134
Phone: (614) 628-6880
Fax:  (614) 628-6890
E-mail:jan.hensel@dinsmore.com
janay.stevens@dinsmore.com

*Counsel for Defendants*
*LaBelle HomeHealth Care Services, LLC, et al.*

**MEMORANDUM IN SUPPORT**

I.   **INTRODUCTION**

The crux of this dispute revolves around the effective date of the Department of Labor's ("DOL") regulations revising the so-called "companionship" exemption applicable to home care workers, such as the plaintiff.  Plaintiff seeks to hold Defendants LaBelle HomeHealth Services, LLC, and Sally Njume-Tatsing (hereinafter jointly referred to as "Defendants" or "LaBelle") liable for their "failure" to comply with the DOL's revised companionship regulation during that period in which the regulation was subject to vacatur issued by the U.S. District Court for the District of Columbia.

The federal Fair Labor Standards Act of 1938 ("FLSA") requires that employers pay overtime for hours worked over 40 in a week to covered employees.  29 U.S.C. § 207.  However, until recently, employers were not required to pay overtime to an employee employed to provide companionship services for individuals who, because of age or infirmity, are unable to care for themselves.

In October 2013, the DOL issued a Final Rule amending the companionship services regulation and significantly altering the treatment of companionship workers under the FLSA (the "Final Rule").  The Final Rule states, in relevant part, that third-party employers of employees engaged in companionship services may not avail themselves of the minimum wage and overtime exemption of the statute.

In June 2014, the Homecare Association of America and other industry associations filed a complaint for declaratory and injunctive relief against the DOL in the United States District Court for the District of Columbia seeking to block the regulations from going into effect.  The District Court agreed with the position of the Homecare Association and vacated the regulation

before the effective date of the Final Rule. *Home Care Ass'n of Am., et al. v. Weil*, 76 F. Supp. 3d 118 (D.D.C. 2014) The regulation remained vacated until October 13, 2015, when the United States Court of Appeals for the D.C. Circuit issued its mandate reversing the District Court's decision. The DOL subsequently announced a 30-day "non-enforcement" policy, stating it would not enforce the Final Rule until 30 days after the mandate issued, or until November 12, 2015. Plaintiff nevertheless seeks overtime from January 1, 2015 forward, including during the period when the revised rule had been vacated.[1]

Plaintiff cannot maintain a claim under the FLSA or the OFWMSA for alleged violations occurring prior to October 13, 2015, the effective date of the Final Rule. Accordingly, Defendant respectfully requests the Court to enter judgment on the pleadings in favor of Defendants on Plaintiff's claim for overtime pay prior to the effective date of the new regulation.

## II. FACTUAL BACKGROUND

Plaintiff is currently employed as a home care worker by LaBelle. *See*, Compl., ECF #1, Page ID #3, ¶ 18 ("Compl."). Plaintiff alleges that LaBelle paid her, and other similarly-situated home care workers, straight time for the hours she worked each week in excess of 40. Compl. ¶ 23.

Plaintiff claims the Final Rule required LaBelle to pay its home care workers overtime beginning on January 1, 2015. To the contrary, the new regulation was not in effect on January 1, 2015, as it had been vacated by the United States District Court for the District of Columbia. LaBelle believes the effective date of the Final Rule was October 13, 2015, at the earliest, when the Court of Appeals' mandate reversing the lower court's ruling went into effect. The Court

---

[1] The Ohio Revised Code states that overtime must be paid to employees "subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended." Ohio Rev. Code 4111.03(A). The arguments set forth herein regarding the effective date of the elimination of the companionship exemption under the FLSA apply equally to Plaintiff's claims under the Ohio Fair Wage Minimum Standards Act, or OFWMSA.

3

should enter judgment on the pleadings in favor of Defendants to the extent that Plaintiff seeks overtime pay prior to October 13, 2015.

### III. LAW AND ARGUMENT

#### A. Standard of Review

The standard of review for judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for motions to dismiss based on Rule 12(b)(6). In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). Under these standards, the Plaintiff's claims should be dismissed to the extent they seek payment of overtime prior to October 13, 2016.

#### B. Federal Companionship Exemption

##### 1. *Fair Labor Standards Act*

The FLSA requires that employers pay overtime for hours worked over 40 in a week to covered employees. 29 U.S.C. § 207. However, employers are not required to pay overtime to employees who fall within the exemptions set forth in 29 U.S.C. § 213 ("Section 213"). In 1974, Congress amended the FLSA to add the "companionship exemption" to Section 213. The companionship exemption states that "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" is exempt from the FLSA's overtime requirement. 29 U.S.C. § 213(a)(15).

10878070v1 108596-1

### 2. *DOL's Proposed Amended Regulations*

In 2013, the DOL issued new regulations amending the companionship exemption regulations and reversing the law as it existed for nearly 40 years. 78 Fed. Reg. 60454 (Oct. 3, 2013). The DOL's proposed revised version of the third-party-employer regulation provided that "[t]hird party employers of employees engaged in companionship services within the meaning of Section 552.6 may not avail themselves of the minimum wage and overtime exemption provided by Section 13(a)(5) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services." *See* 29 C.F.R. § 552.109.

### 3. *Vacatur of 2015 Third Party Employment Regulation by D.C. District Court*

After the Final Rule was announced, the Home Care Association of America and other industry associations filed a Complaint for Declaratory and Injunctive Relief against the DOL and some of its individual officials in the U.S. District Court for the District of Columbia. *Home Care Ass'n of Am., et al., v. Weil, et al.,* 76 F. Supp. 3d 138 (2014) ("*Weil I*"). The plaintiffs argued that the third-party-employer regulation was an arbitrary and capricious exercise of DOL's authority inconsistent with statutory language and congressional intent. *See Home Care Ass'n of Am., v. Weil,* 76 F. Supp. 3d 138, 140. On December 22, 2014 – prior to the effective date of the Final Rule's proposed new regulations – the D.C. District Court found that Congress had spoken clearly on the third party employer issue and concluded that the third-party-employer regulation which contradicted the FLSA and congressional intent, "cannot survive." *Home Care Ass'n of Am. v. Weil*, 76 F. Supp. 3d 138 at 146. The District Court vacated the DOL's third-party-employer regulation before it took effect.

The DOL appealed the district court ruling, and on August 21, 2015, the D.C. Circuit reversed the lower court. In doing so, however, the D.C. Circuit *expressly stated* that the district

court's vacatur had: (1) nullified the third-party-employer regulation; and (2) permitted third-party employers to continue relying on the companionship services exemption. *Home Care Ass'n of Am. v. Weil, et al.*, 799 F. 3d 1084, 1090 (D.C. Cir. 2015) ("*Weil II*") holding that "*[i]n light of the district court's vacatur of the third-party-employer regulation, appellees could make use of the companionship-services exemption.*") (emphasis added).

Although the D.C. Circuit's decision in *Weil II* reversed the district court's ruling and upheld the DOL's new third-party-employer regulation, Plaintiff's assertion that the decision somehow caused the regulation to retroactively apply as of January 1, 2015 – and expose Defendants to liability as of January 1, 2015 in this action – is legally baseless for several reasons.

First, as noted above, the D.C. Circuit held explicitly in *Weil II* that third-party employers, such as Defendants, were permitted to "make use of the companionship-services exemption" following the district court's vacatur of the third-party-employer regulation. *Weil*, 799 F.3d at 1090. That statement directly disproves Plaintiff's assertion that Defendants should now be held retroactively liable for lawfully relying on the companionship services exemption following the district court's vacatur of the third-party-employer regulation.

Second, it is well established that the decision of a court of appeals is not effective until it issues a mandate. *See, e.g., De Vegvar v. Gillilland*, 228 F.2d 640, 642-43 (D.C. Cir. 1955) (holding that injunction prohibiting the Secretary of the Treasury from reducing the balance of the Yugoslav Claims Fund to an amount less than plaintiff's claim remained in effect until

court's mandate issued); *Uline v. Uline*, 205 F.2d 870, 872 (D.C. Cir. 1953) (holding that "[t]he judgment of the District Court is still in effect, our mandate not having issued.")[2]

The D.C. Circuit issued its mandate on October 13, 2015. The district court's vacatur of the third-party-employer regulation was in full effect until the issuance of the mandate by the D.C. Circuit Court. Consequently, Defendants cannot be subject to liability for relying upon the companionship services exemption prior to October 13, 2015.

Third, the issue presented by this Motion has been addressed and decided by the Southern District Court of Ohio. In *Bangoy v. Total Homecare Solutions, LLC*, No. 1:15-cv-573, 2015 U.S. Dist. LEXIS 177859 (S.D. Ohio Dec. 21, 2015), Judge Beckwith held that the third-party-employer of employees performing companionship services was entitled to rely upon the D.C. Circuit Court's holding in *Weil I* and not pay the Plaintiff-employees overtime for the interim period during the vacatur. *Bangoy*, 2015 U.S. Dist. LEXIS 177859 at *6-7. As the Court explained in *Bangoy*:

> Any other conclusion would have put THS [the employer] in an untenable position. THS could have complied with the vacated rule at the risk of paying Plaintiffs overtime wages to which they were not entitled if the Court of Appeals affirmed the district court's judgment. Or, THS could have done what it did here, rely on the vacatur if the rule, but then, according to Plaintiffs, be liable to them for FLSA damages if the Court of Appeals reversed the district court's judgment. Plaintiffs, however, cite no authority for their "heads I win, tails you lose" theory of the case. Certainly those arguments are disfavored by courts. Cf. *McMann v. Hy-Vee, Inc.*, 663 F.3d 926, 931 (7th Cir. 201). And, as THS persuasively argues, when the district court vacated the rule before its effective date, it became a nullity and unenforceable. *Natural Res. Defense Counsel, Inc. v. U.S. E.P.A.*, 683 F.2d 752, 761-62 (3rd Cir. 1982) ("In short, without an effective date a rule would

---

[2] *See also, e.g., Carver v. Lehman*, 558 F.3d 869 n. 16 (9th Cir. 2009) (holding that "until the mandate issues, an opinion is not fixed. . . ."); *Charpentier v. Ortco Contractors*, 480 F.3d 710, 73 (6th Cir. 2007) (holding that "our decision is not final until we issue a mandate"); *Mercer v. Duke Univ.*, 401 F.3d 199, 212 n.7 (4th Cir. 2005) (holding that "[a] court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." (quoting Fed. R. App. P. 41 advisory committee's notes to 1988 Amendments)); *Key Enters. Of Del., Inc., v. Venice Hosp.*, 9 F.3d 893, 898 (11th Cir. 1993) (holding that "[p]ending issuance of the mandate, the district court's judgment for the appellees remained intact"); *Mary Ann Pensiero, Inc., v. Lingle*, 847 F.2d 90, 97 (3d Cir. 988) (holding that "[a]n appellate court's decision is not final until its mandate issues.")

*become a nullity because it would never require adherence."). Moreover, permitting Plaintiffs to recover for a violation of the rule while the vacatur was in effect would give the rule an impermissible retroactive effect. Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2000). Finally, the fact that the DOL has indicated that it will not bring enforcement actions for violations that occurred before the Court of Appeals' reinstated the rule, strongly suggests that the rule should not be given retroactive effect in cases between parties.*

*Bangoy*, 2015 U.S. Dist. LEXIS 177859 at *6-8 (emphasis added).[3]

Ultimately, the plain language of the D.C. Circuit decision in *Weil II* demonstrates that the third-party-employer regulation does not apply retroactively and that Defendant lawfully relied upon the companionship services exemption following the district court's *vacatur* in December 2014. Therefore, Defendants were entitled to apply the exemption until the issuance of the D.C. Circuit's mandate on October 13, 2015, and Plaintiff is not entitled to overtime payments prior to that date.

### IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court enter judgment on the pleadings to the extent that Plaintiff's Complaint seeks overtime payments between January 1, 2015 and October 13, 2015.

---

[3] Plaintiff contends that this Court should reject the decision of the *Bangoy* Court and instead follow the reasoning set forth in decisions from other jurisdictions: *Kinkead v. Humana, Inc.*, D. Conn. No. 3-15-CV-01637, 2016 U.S. Dist. LEXIS 93410 (July 19, 2016); *Cummings v. Bost, Inc.*, W.D. Ark. No. 2:14-CV-02090, 2016 U.S. Dist. LEXIS 1500858 (Nov. 1, 2016); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, S.D. Iowa No. 3:16-CV-0026, U.S. Dist. LEXIS 153736 (Sept. 21, 2016). Defendants respectfully submit that these decisions were wrongly decided, and that none of them are as persuasive authority as the *Bangoy* decision, which issued from this Court.

8

Respectfully submitted,

/s/  Jan E. Hensel
Jan E. Hensel (0040785)
Janay Stevens (0090515)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, OH  43215-5134
Phone: (614) 628-6880
Fax:  (614) 628-6890
E-mail:jan.hensel@dinsmore.com
　　　　janay.stevens@dinsmore.com

*Counsel for Defendants*
*LaBelle HomeHealth Care Services, LLC, et al.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by means of filing using the electronic filing system of the Court and the automatic notification procedure of that system, upon the following, on this 23rd day of December, 2016:

Kimberly L. Hall/Tricia L. Pycraft
Critchfield, Critchfield & Johnston, Ltd.
225 North Market Street
PO Box 599
Wooster, OH 44691
khall@ccj.com
tpycraft@ccj.com

/s/ Jan E. Hensel

10878070v1 108596-1