UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JENNA RICHERT,**

    Plaintiff,

    v.

**LABELLE HOMEHEALTH CARE SERVICES LLC,** *et al.***,**

    Defendants.

Civil Action 2:16-cv-437
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter came before the Court for an informal telephonic status conference on January 18, 2018, to address Plaintiff's pending Motion for a Protective Order (ECF No. 56) and the parties' subsequent briefing (ECF Nos. 60 & 61). Counsel for all parties appeared by phone. This Order memorializes the results of that conference. As detailed below, the parties were able to come to a resolution that moots the Motion for a Protective Order. Accordingly, the Clerk is **DIRECTED** to **TERMINATE AS MOOT** ECF No. 56.

The parties first discussed the issuance of a revised corrective notice. Defense counsel indicated that Defendants did not oppose sending out a revised corrective notice, but did raise concerns over some of the language in Plaintiff's proposed corrective notice. Per the parties' agreement, the proposed revised corrective notice will *not* contain the following language: "[i]t has come to the Court's attention that LaBelle Homehealth Care Services LLC has told certain employees not to sign the 'Opt-In Consent Forms' that were previously mailed to you by the law

firm of Critchfield, Critchfield & Johnston, Ltd." In addition, the parties also agreed that the revised notice will only contain the provision addressing retaliation once instead of twice. The parties further agreed that Plaintiff would mail the revised corrective notices and that Defendants would pay for the postage costs. Within **SEVEN (7) DAYS** of the date of this Order, the parties must submit a joint proposed revised corrective notice for Judge Graham's review and approval.

The parties also discussed a discovery issue Plaintiff raised concerning the timeliness of Defendants' production of payroll records. Defendants were ordered to produce the payroll records to Plaintiff by January 14, 2018, but had only produced a portion of the responsive records. (*See* Nov. 27, 2017 Order, ECF No. 44.) Defense counsel represented that the delay was attributable to the time demands of redacting the protected health information contained in the records. Defense counsel further represented that Defendants will complete production of the remaining records **ON OR BEFORE JANUARY 31, 2018**, and that production will proceed on a rolling basis until completion. Upon receipt of the information, Plaintiff will evaluate whether an extension of the expert disclosure deadline is necessary. Defense counsel indicated that Defendants will not oppose any request for such an extension.

**IT IS SO ORDERED.**

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE