**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| JENNA RICHERT, | : | Case No. 2:16-cv-00437 |
| Plaintiffs, | : | Judge James L. Graham |
| v. | : | |
| | : | **JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT** |
| | : | |
| LABELLE HOMEHEALTH CARE SERVICES LLC, *et al.,* | : | |
| Defendants. | : | |

## INTRODUCTION

Collective Class Representative Jenna Richert, on behalf of herself ("Representative Plaintiff") and other Opt-In Plaintiffs and Defendants LaBelle Homehealth Care Services LLC and its owner, Sally Njume-Tatsting (collectively, "Defendants"), respectively jointly move this Court to approve the Fair Labor Standards Act ("FLSA") settlement reached by the Parties. If approved, it will provide substantial individual payments to the Representative Plaintiff and the 41 Opt-In Plaintiffs (collectively, "Plaintiffs"). Plaintiffs and Defendants are collectively referred to as the (Parties").

## FACTUAL AND PROCEDURAL BACKGROUND

A. The Action and the Settlement

Representative Plaintiff, Jenna Richert filed this action, on behalf of herself and all others similarly situated on May 16, 2016. (Doc. No. 1) (the "Action"). She asserted that Defendants, through their company-wide practice, failed to pay their current and former health aides overtime

1

compensation at the rate of one and one-half times their regular rate of pay. These allegations, if established, would constitute violations of both the Fair Labor Standards Act ("FLSA"), 29 U.C.S. § 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). R.C § 4111.03. On September 29, 2017, the Court issued an Order which granted Plaintiffs' Motion for Conditional Certification, making the effective date of the Final Rule January 1, 2015. Furthermore, the Court denied Defendants' Motion for Partial Judgment on the Pleadings.

Following the end of the first opt-in period, which closed on November 30, 2017, a total of 31 class members had opted into the collective action out of the 278 class members to which Plaintiff issued notice.  Due to the relatively low opt-in rate, Plaintiffs sought to extend the opt-in period and send a revised notice to the putative class, which the Court permitted. (Doc. No. 68). At the close of the second opt-in period, ten additional plaintiffs joined the Action, for a total of 41 current and former LaBelle home health aides.

Furthermore, the Parties participated in a mediation on June 4, 2018 in an effort to resolve the Action. Although mediation was unsuccessful, the Parties continued to actively engage in negotiations. On June 3, 2019, the Parties, by and through their respective Counsel, reached an agreement to settle this case for $251,000.00, which is to be paid in full, no later than one month after the approval of the Settlement by the Court (the "Agreement" or "Settlement").  The Settlement Agreement is attached hereto as **Exhibit A**.

    B.  The Settlement

If approved by the Court, the Settlement Agreement will cover the 41 Opt-In Plaintiffs and the Representative Plaintiff, including the cost of attorney's fees and expenses. The total settlement amount is $251,000.00, which will be divided as follows: (a) $82,000.00 to the Plaintiffs as payment for unpaid wages, (b) $82,000.00 to the Plaintiffs for liquidated damages (c)

Representative Plaintiff's $5,000.00 Service Payment, and (d) $82,000.00 for Plaintiffs' Counsel's attorneys' fees and expenses.

A total of $164,000.00 of the Settlement amount will be allocated to the Opt-In Plaintiffs, $82,000.00 of which account for unpaid wages. Plaintiffs' individual payments are based on their alleged underpaid overtime during the period of January 1, 2015 to January 1, 2018.  In addition, Plaintiffs are to receive an identical $82,000.00 in liquidated damages, as agreed by the Parties

Next, $5,000.00 of the Settlement amount will be paid to Representative Plaintiff as a Service Fee, in addition to her individual payments. In this Circuit, service awards to representative plaintiffs are justified when the plaintiffs "expend more time and effort" beyond that of which other class members have assisted in litigation or prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273 (S.D. Ohio 2001). Representative Plaintiff not only contributed an upmost amount of time and effort, but also detailed factual information that was used in order to allow the Parties successfully resolve the matter at hand.

Finally, the remainder of the fund, $82,000.00 will be paid to Plaintiffs' Counsel for attorneys' fees and expenses. Plaintiffs' Counsel incurred in excess of $109,000.00 in fees and expenses (over $102,000.00 in fees and $7,000 in expenses). However, in the interest of settlement, Plaintiffs' counsel agreed to reduce their attorneys' fees and expenses to $82,000.00, which is a fair and reasonable amount due to the work completed for this case and the amount achieved for the Plaintiffs.

## THIS SETTLEMENT FAVORS APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. The Court presiding over an FLSA action may approve a proposed settlement of the action "after scrutinizing the settlement for fairness" if it is a fair and reasonable resolution of a bona fide

3

dispute. *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008). Furthermore, the Sixth Circuit has observed that the Court should strive to ensure that the settlement of an FSLA action is not only "fair, reasonable, and adequate" and treats the plaintiffs equitably, but also promotes "the policy of encouraging settlement of litigation." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 at *3 and *9 (E.D. Ky. Oct. 23, 2008).

The Sixth Circuit uses seven factors to evaluate class action settlements: (1) the risk of fraud or collusion, (2) the complexity, expense and likely duration of the litigation, (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits, (5) the opinions of class counsel and class representatives, (6) the reaction of absent class members, and (7) the public interest. *International Union, United Auto, Aerospace, and Agriculture Implement Workers of America v. General Motors Corporation*, 497 F.3d 615, 631 (6th Cir. 2007). The Parties agree that these settlement conditions are satisfied in all respects.

First, there is no indication that fraud or collusion took place in this matter, favoring approval of the Settlement. Initially, the parties attempted to resolve the dispute through arms-length mediation with a respected neutral mediator. Although mediation did not resolve the dispute, the Agreement was later achieved through extensive good faith negotiations between the Parties.

Next, complexity, expense, and likely duration of continued litigation favors settlement of the Action. The Parties continue to disagree about whether this FLSA claim, if established, would be subject to the two-year statute of limitations for unpaid compensation or whether the three-year limitations period would apply for willful violations under 29 U.S.C. § 255(a). If the Parties are forced to litigate this case further, the Parties would certainly engage in even more complex and

4

costly litigation. On the other hand, the Settlement provides considerable relief to all Plaintiffs quickly and effectively in light of all known facts and circumstances, which in turn favors approval.

Third, the Parties engaged in substantial investigation prior to negotiation of the Settlement, which favors approval. The Parties diligently pursued an investigation of Plaintiffs' claims against Defendants including reviewing relevant documents, and researching the applicable law and potential defenses. This includes an intensive review of payroll information for the Plaintiffs that was produced by Defendants. Furthermore, Plaintiffs subpoenaed payroll information from Boyton & Associates, the company that handles LaBelle's payroll.

Fourth, while Counsel for both sides believe in the merits of their clients' positions, Counsel also recognizes that the litigation of claims is uncertain. In the present case, complex issues of law are involved and success on the merits of overall liability and willful violations are undetermined as well. This Settlement represents a compromise of the disputed claims, favoring approval.

With respect to factor five, the opinions of counsel and the Representative Plaintiff support approval of the Settlement. Counsel for both the Plaintiffs and Defendants believe that the amount agreed upon in the Settlement is both fair and equitable and is in the best interest of the Plaintiffs as a whole. In order to approve a collective action settlement, a Court must determine that "the distribution of the settlement proceeds is equitable." *Ortiz v. Fireboard Corporation, et al,* 527 U.S. 815, 855 (1999).  All individual payments will be calculated proportionally on each of Plaintiffs' alleged overtime damages during the period from January 1, 2015 to January 1, 2018. Each will approximate 100% of their underpaid overtime during the relevant period. Therefore, this factor favors approval from the Court.

There are also no absent class members in regards to this case, which favors approval. Only individuals who affirmatively opted-in to this matter are involved in this aspect of litigation.

Lastly, public interest would be best be served if the Settlement is approved. Defendants contest liability in this matter. On the other hand, Plaintiffs believe that the Action is meritorious and is appropriate for collective treatment. The Settlement best serves the public interest for employees being properly paid under the law.

## CONCLUSION

The Parties submit that this Settlement is a fair and reasonable prescription of the issues at hand, aligning it with the goal of securing the just, speedy, and inexpensive resolution of every action. The Settlement was negotiated at arms-length, no fraud or collusion was present, the case would be substantially expensive to continue, and the opinions of Counsel support approval of the Settlement. Therefore, the Parties respectfully request that this Court approve and enforce the Settlement Agreement and dismiss all claims of the lawsuit, with prejudice to refiling.  A proposed Order is attached hereto.

Respectfully submitted,

| | |
|---|---|
| **CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.** | **ANTHONY LAW, LLC** |
| By: /s/ Kimberly L. Hall<br>Tricia L. Pycraft (000075137)<br>Kimberly L. Hall (0090677)<br>225 North Market Street;<br>Wooster, OH 44691<br>Phone: 330-264-4444<br>Fax: 330-263-9278<br>E-mail: tpycraft@ccj.com; khall@ccj.com<br><br>*Attorneys for Plaintiffs* | By: /s/Vincent P. Zuccaro (per email consent)<br>Vincent P. Zuccaro (0085484)<br>383 N. Front Street, Ll<br>Columbus, OH 43215<br>Phone: 614-340-0011<br>Fax: 614-340-0012<br>Email: vpz@anthonylawllc.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I certify that this Joint Motion for Approval of Collective Action Settlement was filed with the Court on this 30th day of September 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ Kimberly L. Hall
                                       Kimberly L. Hall (S. Ct. #0090677)
                                       *Attorney for Plaintiffs*