## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Plaintiff Jenna Richert, individually and on behalf of all Opt-In Party Plaintiffs, and Defendants LaBelle Homehealth Care Services LLC ("LaBelle") and Sally Njume-Tatsing, agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

The terms set forth below shall have the meanings defined in this Section wherever used in this agreement.

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio entitled *Jenna Richert v. LaBelle Homehealth Care Services LLC, et al.,* Case No. 2:16-cv-00437.

2. "Plaintiffs' Counsel" shall mean Tricia L. Pycraft and Kimberly L. Hall of Critchfield, Critchfield and Johnston, Ltd.

3. "Representative Plaintiff" or "Plaintiff" shall mean Jenna Richert.

4. "Plaintiffs" shall include Jenna Richert and the Opt-in Party Plaintiffs listed in Appendix 1.

5. "Defendants" shall mean Sally Njume-Tatsing and LaBelle, and each of its former, current, future and respective officers, directors, agents, attorneys, employees, shareholders, members, representatives, parents, predecessors, successors, subsidiaries, divisions, and related and affiliated entities as well as any other persons, firms, or insurers, known or unknown to Plaintiffs, liable or who might be claimed by Plaintiffs to be liable for any or all of Plaintiffs' claims.

6. "Parties" shall mean Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

7. "Released Period" for shall mean the period of three years prior to the date each Plaintiff opted into the Action.

8. "Final" shall mean the date the Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

1


EXHIBIT
A

## RECITALS

10. On May 16, 2016, Plaintiff commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11. In the Action, Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.C.S. § 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA") R.C. § 4111.03 by failing to pay their non-exempt home health aides overtime compensation at the rate of one and one-half time their regular rate of pay for the hours they worked over forty each workweek.

12. Through a Stipulation of Amendment of Pleadings filed on September 5, 2019, Plaintiffs and Defendants stipulated that Plaintiffs withdrew Count II of the Complaint (violation of the OMFWSA).

13. Defendants deny any liability or wrongdoing of any kind.

14. Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendants deny these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA.

15. On June 3, 2019, the Parties, by and through their respective counsel, reached a binding agreement to settle the Action on the terms set forth in this Settlement.

16. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendants, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendants' defenses.

17. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiffs' claims in the Action have merit or that Defendants have any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

18. **Total Settlement Payment:** The Total Settlement Payment is Two Hundred Fifty-One Thousand Dollars ($251,000.00), including (a) all Settlement payments to

Plaintiffs; (b) Representative Plaintiff's Service Award; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

19. **Payments to Plaintiffs:** One Hundred Sixty-Four Thousand Dollars ($164,000.00) of the Total Settlement Payment will be distributed to Plaintiffs in the amounts provided in Appendix 1. This amount compensates Plaintiffs for approximately 200% of their claimed damages for the three-year limitations period.

20. **Treatment of Plaintiff's Settlement Payments:** Each Plaintiff will receive two checks, the amounts of which are set forth in Appendix 1. One check (the "W-2 Payment") will be treated as payment in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes. Defendants will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions. Defendants will report settlement payments on IRS Forms W-2. Defendants are responsible for payment of the employer's share of payroll taxes required by law. The second check (the "1099 Payment") will be treated as payment for Plaintiffs' liquidated damages claims, and Defendants will issue the Plaintiffs a form 1099. Except for Defendants' payment of the employer's share of payroll taxes for the W-2 Payment, Plaintiffs are responsible to pay all federal, state, and local income and payroll taxes and fees arising from the Settlement Payments, and Plaintiffs indemnify and hold harmless Defendants for the same, including any errors in calculating withholding amounts for the W-2 Payments.

21. **Representative Plaintiff's Settlement Payment:** A Service Award of Five Thousand Dollars ($5,000.00) will be paid to Representative Plaintiff in exchange for executing this Settlement in addition to the Individual Payment she will otherwise receive as a Plaintiff. Defendants will issue Representative Plaintiff a Form 1099 for this Settlement Payment.

22. **Plaintiff's Counsel's Attorneys' Fees and Costs:** Eighty-Two Thousand Dollars ($82,000.00) of the Total Settlement Payment will be paid to Plaintiff's Counsel for attorneys' fees and expenses incurred in the Action. Defendants will issue to Plaintiff's Counsel a Form 1099 with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

23. **Released Claims:** Subject only to approval of this Settlement by the United States District Court for the Southern District of Ohio, Plaintiffs hereby release Defendants from any and all federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action or every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, plus any taxes thereon, whether known or unknown, pursuant to the FLSA and OMFWSA for the Released Period ("Claims").

24. **Release of Attorneys' Fees:** The payment of attorneys' fees to Plaintiff's Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorney's fees, Plaintiff's Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

25. The entry of final judgment in the Action shall release all claims set forth in this entire section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

26. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

27. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

28. **Joint Motion for Approval of Settlement:** On or before September 30, 2019, the Parties will jointly move the Court for entry of an order, proposed and attached as Exhibit A to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

29. **Dismissal With Prejudice of the Action:** Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

30. **Distribution Process:** Defendants will mail the Settlement Amounts directly to Plaintiffs' counsel, within 28 days after the Court's entry of an Order granting approval of the Agreement and dismissal of the Action with prejudice. Defendants will issue separate checks to each Plaintiff and Plaintiffs' Counsel, and Defendants will mail the checks to Plaintiffs' counsel who will make reasonable efforts to locate the Plaintiffs and deliver the checks.

## PARTIES' AUTHORITY

31. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

4

32. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

33. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

34. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability.

## CONSTRUCTION

35. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

36. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

37. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

5

## BINDING ON ASSIGNS

38. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

39. This Settlement may be executed in counterparts.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

40. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

41. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## SIGNATORIES

42. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the other Plaintiffs.  It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement.  Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the collective class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendants.  This Agreement shall be binding upon and enforceable against each of the Plaintiffs and shall have the same force and effect as to each of them as if each of the Plaintiffs personally executed this Agreement.

**The remainder of this page is intentionally left blank.**

6

## EXECUTION BY PARTIES

Dated: _____, 2019        JENNA RICHERT


                                     _____
                                     Plaintiff and Plaintiffs' Representative, Individually
                                     and on Behalf of all Plaintiffs

Dated: _____, 2019        SALLY NJUME-TATSING

                                     _____
                                     Defendant, Individually

Dated: _____, 2019        LABELLE HOMEHEALTH CARE SERVICES
                                     LLC

                                     By: _____
                                     Its: _____

                                     Defendant

7

APPENDIX 1

| Name | W-2 | 1099 | TOTAL |
|---|---|---|---|
| Alvarez, Daneisy Perez | $4,279.75 | $4,279.75 | $8,559.49 |
| Blair, James III | $493.61 | $493.61 | $987.22 |
| Blevins, Brandy | $221.56 | $221.56 | $443.13 |
| Blevins, Brenda | $611.68 | $611.68 | $1,223.37 |
| Broadnax, Joel | $4,061.06 | $4,061.06 | $8,122.12 |
| Bryant, Carol | $1,222.81 | $1,222.81 | $2,445.61 |
| Coit, Erica | $7,329.83 | $7,329.83 | $14,659.66 |
| Colon, Melba | $3,090.36 | $3,090.36 | $6,180.71 |
| Cooke, Traci | $1,027.48 | $1,027.48 | $2,054.96 |
| Cotton, Regina | $658.98 | $658.98 | $1,317.95 |
| Emerine, Deborah | $109.38 | $109.38 | $218.76 |
| Fausnight, Mindy | $983.01 | $983.01 | $1,966.02 |
| Febo, Ted | $532.87 | $532.87 | $1,065.75 |
| Hein, Connie Lucy | $0.00 | $0.00 | $0.00 |
| Higgins, Petula | $2,759.73 | $2,759.73 | $5,519.46 |
| Howard, Kellie | $448.74 | $448.74 | $897.47 |
| Hunt, Errica | $0.00 | $0.00 | $0.00 |
| Jackson, Tonya | $9,899.76 | $9,899.76 | $19,799.52 |
| Jennings, Justin | $796.51 | $796.51 | $1,593.01 |
| Jennings, Terri | $0.00 | $0.00 | $0.00 |
| Mauler, Amanda | $6,130.86 | $6,130.86 | $12,261.72 |
| McKenney, Eboney | $0.00 | $0.00 | $0.00 |
| McLeod, Colette | $1,712.21 | $1,712.21 | $3,424.42 |
| Montalvo, Natascha | $143.03 | $143.03 | $286.07 |
| Murphy, Rodnina | $0.00 | $0.00 | $0.00 |
| Null, Katelan | $241.20 | $241.20 | $482.39 |
| Null, Lisa | $0.00 | $0.00 | $0.00 |
| Oswalt, Cheyann | $0.00 | $0.00 | $0.00 |
| Randall, Amy | $0.00 | $0.00 | $0.00 |
| Reyes, Vanessa | $5,281.07 | $5,281.07 | $10,562.14 |
| Rice, Amy | $0.00 | $0.00 | $0.00 |
| Richert, Jenna | $1,741.22 | $1,741.22 | $3,482.44 |
| Rojas, Madeline | $199.13 | $199.13 | $398.25 |
| Romen, Loidi Ramos | $1,253.66 | $1,253.66 | $2,507.32 |
| Sims, Danielle | $1,177.93 | $1,177.93 | $2,355.87 |
| Stamp, Marjorie | $1,018.34 | $1,018.34 | $2,036.68 |
| Ungerer, Laura | $106.57 | $106.57 | $213.15 |
| Ward, Keon | $19,551.64 | $19,551.64 | $39,103.28 |

| | | | |
|---|---|---|---|
| Webb, Marie | $1,107.37 | $1,107.37 | $2,214.74 |
| Woodrow, Maria | $0.00 | $0.00 | $0.00 |
| Zeller, Brittany | $3,808.65 | $3,808.65 | $7,617.31 |
| | $82,000.00 | $82,000.00 | $164,000.00 |